GEORGE A. WHEATON *et al. vs.* H. A. SPOONER *et al.*

Argued Jan. 9, 1893.   Decided Feb. 24, 1893.

**Levy on a Judgment, How Made.**

A judgment of the district court may be levied upon under execution without the service of a copy of the execution upon the clerk of the court.

**The Property of the Judgment Debtor in the Judgment Levied upon, in Custody of Law, no Obstacle.**

The fact that the property of a judgment debtor is in the hands of a receiver, and *in custodia legis,* does not prevent a levy by execution upon the judgment.

**Assignment of Judgment.**

An assignment of a judgment *in part* is not valid as against creditors levying thereon, unless the assignment is placed on record, as provided by statute.

Appeal by H. A. Spooner *et al.* from the judgment of the District Court of Hennepin County, *Pond,* J., entered September 21, 1892, directing the Receiver, Weed Munro, to pay $700 to George A. Wheaton *et al.*

On July 29, 1889, H. A. Spooner recovered judgment against the Bay St. Louis Syndicate, a corporation, for $1,239.68. Execution was returned unsatisfied. Spooner then brought an action under 1878 G. S. ch. 76, against that corporation and its stockholders to sequester its property, and enforce the liability of its stockholders for the payment of its debts. In that action Weed Munro was on February 13, 1890, appointed Receiver of the property of the corporation. See *Spooner* v. *Bay St. Louis Syndicate,* 48 Minn. 313.

v.52M.—27

The Receiver commenced actions against certain stockholders, and recovered judgments on account of their unpaid subscriptions for stock, and collected money sufficient to pay the debts of the corporation.

But on April 12, 1887, judgment was recovered in the District Court by George A. Wheaton *et al.* against H. A. Spooner for $602.01, and on June 10, 1891, a writ of execution was issued on this judgment, and the Sheriff levied it upon the judgment that Spooner held against the Bay St. Louis Syndicate, by serving a copy of it and of the levy, on Spooner and Munro and on the corporation; but no copy was served on the Clerk of the District Court. Prior to this levy Spooner had assigned to Johnson & Hurd $168.30 of his judgment, and given them an order on Fred B. Dodge, the attorney of the Receiver Munro, to pay that amount to them out of any money collected and applicable to the payment of his judgment against the corporation, but the assignment was not filed with the Clerk. (1878 G. S. ch. 66, § 283.) Spooner made similar assignments and orders to other parties, but they were not filed, nor did Wheaton *et al.* have notice of them. The question arose whether Wheaton *et al.* should have the money collected for Spooner by the Receiver, or these assignees of Spooner. A statement of facts upon which this controversy depended was made and agreed upon, and was submitted to the trial court for determination under 1878 G. S. ch. 82, § 7. That court gave judgment that the levy by the Sheriff on Spooner's judgment was valid, citing *Henry* v. *Traynor;* 42 Minn. 234; that the partial assignments by Spooner were invalid as against such levy, and ordered the Receiver to pay to the Sheriff on the execution in favor of Wheaton *et al.* the $700 in his hands applicable to Spooner's judgment against the Syndicate Corporation. Johnson & Hurd and the other parties to whom Spooner gave the partial assignments are, in the opinion, called interveners. They appealed from the judgment.

*Fred B. Dodge,* for appellants.

When a receiver is appointed he becomes vested with the title to the property for the purpose of paying and discharging the debt.

He acquires a right analogous to that of a sheriff who has taken property on execution. *Becker* v. *Torrance*, 31 N. Y. 631. The levy of an execution upon personal property suspends the judgment, and operates *prima facie* as a satisfaction thereof. *First Nat. Bank of Hastings* v. *Rogers*, 13 Minn. 407, (Gil. 376;) Freeman, Executions, §§ 31, 50, 269. By the appointment of the receiver the judgment stood suspended, and was *prima facie* satisfied. The right which Spooner previously had to enforce payment of his debt by execution was transferred into a right simply to look to the receiver, and to receive at his hands, to the extent of the money realized, payment of his debt. The situation was the same as though the sheriff, by virtue of an execution, had levied upon property, or collected money for payment of the judgment. The interest of the judgment creditor in the judgment would then cease, and become a claim against the sheriff. The money in the hands of the sheriff would not pass, even by an assignment of the judgment. Hence the levy on the judgment was not a levy on the debt due to Spooner. *Robinson* v. *Towns*, 30 Ga. 818.

The receiver was an officer of the court. The property and money in his hands was *in custodia legis*. Money which is in the hands of an officer of the court, whether he be a sheriff or receiver, cannot be reached by process. *Tuck* v. *Manning*, 150 Mass. 211; Freeman, Executions, § 129.

The orders operated as equitable assignments of so much of the proceeds of the claim of Spooner against Bay St. Louis Syndicate as was therein specified. *Field* v. *Mayor, etc., of N. Y.*, 6 N. Y. 179; *People ex rel.* v. *Comptroller*, 77 N. Y. 45; *Jones* v. *Mayor, etc., of N. Y.*, 90 N. Y. 387; *Canty* v. *Latterner*, 31 Minn. 239; *Lewis* v. *Bush*, 30 Minn. 244.

*Fletcher, Rockwood & Dawson*, for respondents.

The levy was effectual. Appellants contend that the judgment in Spooner's favor was not subject to levy, for the reason that a receiver had been appointed and the judgment thereby satisfied. This is based upon the analogy between the appointment of a receiver and the levy of an execution. It has frequently been said that a

levy upon sufficient personal property is a satisfaction *sub modo* of the judgment. (58 Am. Dec. 350, note.) A levy on real estate is not a satisfaction, because neither the plaintiff nor the sheriff deprives the defendant of the possession of his property, and a levy upon personal property is sometimes said to be a satisfaction because the plaintiff does, through the sheriff, actually deprive defendant of the possession and control of his property.

The appointment of a receiver for a corporation, so far as it is analogous at all, bears a closer analogy to a levy upon real estate than to a levy upon personal property, for the reason that the creditor does not obtain possession or control of the property of the corporation, and is not responsible for the acts of the receiver.

DICKINSON, J. The matters here in controversy were presented to the district court upon an agreed statement of facts, upon which judgment was rendered determining the rights of the respective parties. This is an appeal from that judgment.

In July, 1889, in an action by the defendant Spooner against a corporation,—the Bay St. Louis Syndicate,—judgment was awarded in his favor for the recovery of a specified sum of money. Thereafter he, as such judgment creditor, prosecuted an action, in his own behalf as well as for the benefit of other creditors, against the corporation and its stockholders, under 1878 G. S. ch. 76. In the course of that action, and in February, 1890, Weed Munro was appointed receiver of the property of the corporation, with power to collect and convert the same into money, and to pay the judgment of Spooner, as well as the judgment of other creditors who might intervene. As such receiver, Munro has collected under said judgment the sum of $700, and the controversy is whether these respondents or the appellants are entitled to be preferred in the distribution of that money.

The respondents are judgment creditors of the appellant Spooner. In June, 1891, an execution was issued to the sheriff of Hennepin county to enforce that judgment, which was attempted, by the sheriff, to be levied upon the judgment in favor of Spooner against the Bay St. Louis Syndicate, by serving a certified copy thereof upon the receiver and upon the judgment debtor, with a notice to the effect

that he (said sheriff) had levied upon all the right, title, and interest of H. A. Spooner in and to the judgment, which was fully described in such notice. That levy, if effectual, is still in force. At the time it was made, the respondents had no knowledge or notice of the orders or assignments made by Spooner to which we are about to refer, and by reason of which the interveners claim to have acquired rights superior to any which may have been acquired by the respondents through such levy.

Prior to the issuing of that execution, Spooner had given to the several intervenors, McReeve, Janney, Temple & Co., Johnson & Hurd, and W. K. Morrison & Co., respectively, written instruments (the orders above referred to) directed to his (Spooner's) attorney, F. B. Dodge, who acted as attorney for the receiver as well as for Spooner in the proceedings against the "syndicate," in which he directed Dodge to pay to said interveners, respectively, the money which he should collect from the Bay St. Louis Syndicate. These instruments further expressed the intention of Spooner thereby to assign to the persons in whose favor they were made, respectively, so much of his claim and judgment against the syndicate as was necessary to satisfy such orders. These orders were given to the persons named on account of debts which Spooner then owed to them. Dodge formally accepted these orders. None of them were ever filed in the office of the clerk of the court, nor did the court grant any order or permission to levy upon or proceed against such judgment.

The court held the levy of the execution upon the judgment in favor of Spooner to be effectual, so that the plaintiffs became entitled to receive the money in preference to the interveners, claiming the same under the orders above referred to. The interveners rest their case on appeal upon three propositions: *First,* that the attempted levy on the Spooner judgment was ineffectual, the proceedings being insufficient; *second,* that the judgment was not subject to such a levy, because of the appointment of the receiver of the property of the judgment debtor, which was thus taken *in custodia legis,* and with the effect, also, to suspend and *prima facie* satisfy the judgment; and, *third,* the orders operated as an equitable assignment of the judg-

ment *pro tanto*, and had legal priority over the subsequent levy of the execution. We will consider these points in the order above stated.

1. The statute prescribing the manner in which levies are made upon certain classes of property, which would include judgments, (1878 G. S. ch. 66, § 305,) does not require the service upon the clerk of the court of a copy of the execution and a notice of the levy upon a judgment. The clerk of the court in whose office the judgment is recorded and docketed is not "a person holding the  *  *  * property" within the meaning of that law. Such language has no application where the property levied upon is a judgment or debt.

2. The appointment of the receiver of the property of the syndicate had not the effect to prevent a judgment creditor of Spooner levying upon and selling under execution the judgment of the latter against the syndicate. We do not here encounter the question whether that judgment could be *enforced* by a levy upon the property of the syndicate. It is probably true, and may be conceded, that, the property of the syndicate being thus *in custodia legis*, the Spooner judgment could not be enforced against it in any such manner as to interfere with the possession of the receiver or the discharge of his duties as such. But the argument of the appellants justifies the statement of the truism that the judgment of Spooner *against* the syndicate was not the property of the syndicate, and, was not placed *in custodia legis* by the appointment of a receiver of the property of that corporation. It was the property of Spooner, and subject to his control; and levying upon it by execution in no way interfered with the duties of the receiver. Spooner was at liberty to sell and assign his judgment, and thus place it beyond the reach of the respondents, his judgment creditors. They had the right by proper legal process to secure the appropriation of that property of their judgment debtor to the satisfaction of their own judgment; and the levy upon it by execution was a proper mode of procedure for that purpose.

It is contended by the appellants that the receivership operated as a *prima facie* satisfaction of the Spooner judgment, or, perhaps more accurately, to suspend the right to enforce it against the judgment debtor whose property had thus been taken into the custody of the

law for the purpose of satisfying this with other debts. But, although that be true, it is also true that Spooner, or any one who should succeed to his rights under his judgment, was entitled to receive, in due course of the proceedings under the receivership, his proper share of the proceeds of the property taken by the receiver for the purpose (as must be admitted if the plaintiffs' contention is true) of satisfying such debts and judgment. If the enforcement of the judgment against the corporation in the ordinary way was suspended, it was *only* to enable satisfaction of this with other demands to be made, in their proper order, through the receivership. The judgment was neither satisfied nor suspended in any such sense as to debar the holder of it from receiving from the receiver a proper share of the proceeds of the property of the judgment debtor in his hands. The respondents had the right by any proper legal process to secure the benefits of the judgment which otherwise Spooner, or any one to whom he might make assignment, would be entitled to receive.

3. Conceding, as the appellants claim, that the orders above referred to, expressing, also, an intention to assign so much of the judgment as was necessary to satisfy them, were in effect assignments of the judgment *pro tanto*, we are of the opinion that they were, by force of the statute, inoperative as against the respondents, whose execution was levied on the judgment, they having no notice of such assignments, (assuming that the fact as to notice is material.) The statute (1878 G. S. ch. 66, §§ 282, 283) provides for making a record of assignments of judgments, and declares that, "until so filed, any such assignments shall be void as against creditors levying upon or attaching the same, and as against subsequent purchasers in good faith for value." There is no reason for restricting the operation of this statute to assignments of *entire* judgments, leaving assignments of judgments *in part*, only, unaffected thereby. The reason for the law is applicable in the latter case as well as in the former, and there is nothing in the language of the statute which would justify a distinction.

Judgment affirmed.

(Opinion published 54 N. W. Rep. 372.)