H. A. EDWARDS, Appellant, v. O. E. TRACY, Appellee.

ATTACHMENT: Levy—Notice—Effect. The failure of the levying officer to give the defendant in attachment notice of the levy on a judgment does not necessarily work any invalidating effect on the levy.

ATTACHMENT: Levy—Notice—Waiver of Notice. The failure of the levying officer to notify the defendant in attachment of a levy on a judgment is waived when the duly served original notice gave defendant such notice and he did not question such levy until some two months thereafter.

ATTACHMENT: Levy—Notice—Party in Possession. The clerk of the court is not in *possession* of a judgment in such sense that notice of a levy thereon need be served on such clerk.

Headnote 1: 6 C. J. p. 222. Headnote 2: 6 C. J. pp. 222 (Anno.), 246. Headnote 3: 6 C. J. p. 222 (Anno.)

Headnote 1: 17 R. C. L. pp. 197, 199.

*Appeal from Madison District Court.*—W. S. COOPER, Judge.

FEBRUARY 15, 1927.

REHEARING DENIED MAY 13, 1927.

Appeal from a ruling sustaining a motion by the defendant to dissolve an attachment. Plaintiff appeals.—*Reversed.*

*C. A. Robbins,* for appellant.

*Leo C. Percival,* for appellee.

DE GRAFF, J.—This appeal presents two propositions, which find their origin in the grounds recited by the defendant in his motion to dissolve a writ of attachment.

On February 26, 1925, plaintiff commenced his action against defendant by a petition in ordinary form to recover a money judgment, aided by a writ of attachment. On May 5, 1925, the attachment-defendant filed motion for quashal of the attachment on the following grounds, which were the bases for

sustaining the motion by the trial court: (1) That the sheriff served the writ of attachment by levying on the property of the defendant February 26, 1925, and failed to serve notice of levy on the defendant, who, at that time and at all times since said date, was a resident of Madison County, Iowa; (2) that the property levied upon in this action was, at the time of the levy, in the possession of the clerk of the district court of said county, and the sheriff failed to serve notice of levy upon said clerk.

I. Proceedings in attachment are ancillary or auxiliary to the main action, and are statutory, being unknown to the common law. *Curry v. Allen*, 55 Iowa 318; *Eads v. Pitkin*, 3 G. Greene 77; *Delaplain & Co. v. Armstrong & Ulrich*, 21 W. Va. 211; *Penoyar v. Kelsey*, 150 N. Y. 77 (44 N. E. 788, 34 L. R. A. 248).

An attachment is not the leading process. Its only office is to hold the property attached under it for the satisfaction of plaintiff's demand. In a sense, it is an execution by anticipation. It is in derogation of the common law, but, under our statute, the proceedings are to be liberally construed. Section 12143, Code of 1924. A court, however, cannot proceed by attachment unless the power rests upon express statutory sanction. *Tiffany v. Glover*, 3 G. Greene 387.

An attachment is a provisional remedy. See *Bowen v. Port Huron E. & T. Co.*, 109 Iowa 255 (77 Am. St. 539, 47 L. R. A. 131). It is a possessory process. It does not bring the party into court, but the property of the party; and the abatement of the main suit discharges the attachment and restores the property to defendant. *Templeton v. Mason*, 107 Tenn. 625 (65 S. W. 25).

Attachment is a mesne in a final process. The judgment in the main action is precisely the same, whether the attachment is dissolved or not. *Elliott v. Mitchell*, 3 G. Greene 237; *Sheppard v. Yocum*, 11 Ore. 234 (3 Pac. 824); *Quebec Bank v. Carroll*, 1 S. D. 1 (44 N. W. 723).

With these legal propositions in mind, we may review the contentions of the appellant in the case before us, bearing in mind that, in determining the sufficiency of the grounds alleged by plaintiff for the issuance of a writ of attach-

1. ATTACHMENT: levy: notice: effect.

ment, the sufficiency of the writ itself and of the levy made thereunder, and when, on whom, and

by whom the notice of levy must be served, resort must be made to the statute.

It may be observed at the outset that the grounds of said motion do not challenge the petition as to the sufficiency of its allegations for the issuance of the writ of attachment, nor is the levy made by the sheriff on the property of the attachment-defendant questioned, except as to the giving of notice of said levy to the defendant and to the clerk of court, who is alleged to be in possession of the property subject to levy. The property upon which the levy was actually made was a chose in action—a judgment owned by the defendant.

Judgments may be levied upon by an officer by virtue of a writ of attachment in the same manner as levies are made under execution, except that notice of such levy shall be given as in levies by attachment. Section 12099, Code of 1924.

A levy upon a judgment is made "by entering upon the judgment docket a memorandum of such fact, giving the names of the parties plaintiff and defendant, the court from which the execution issued, and the date and hour of such entry, which shall be signed by the officer serving the execution, * * *" Section 11673. The statute was respected in this particular.

On the same date that the petition in the main case and the petition for the issuance of a writ of attachment were filed and the service of notice as to both petitions was made, to wit, February 26, 1925, there was entered by the sheriff the following memorandum, on page 183 of Appearance, Judgment, Execution Docket, and Fee Book, No. 25:

"This judgment attached by me under a writ of attachment in the case of H. A. Edwards vs. O. E. Tracy, number 13503, book 26, page 20, this February 26th, 1925, at 2:10 P. M."

A levy upon a judgment must necessarily be symbolical. In this instance, it was an unequivocal act, done in the manner provided by statute.

Section 12107, Code of 1924, provides:

"When any property is attached, the officer making the levy shall at once give written notice thereof to the defendant, if found within the county in which the levy is made, and the fact of the giving of such notice, or that the defendant is not found within the county, shall be shown by the officer's return."

It is first suggested by appellant that the motion to dissolve

the instant writ is not within the purview of the statute on attachments (Section 12139), and that such a motion presumes, in the very nature of things, that a valid levy existed.

In *Schoonover v. Osborne Bros.*, 108 Iowa 453, the defendants filed a motion to release and discharge the attached property because no notice of the attachment was ever served upon them; but a counterclaim was filed, based upon the wrongful levy of the attachment and the seizure of the attached personal property by the sheriff, who continued to hold it until the time of the trial. It was held that "neither party should be heard to say that there was no valid levy." And further (*loc. cit.* 463):

"Had defendants stood upon their motion to discharge, and not pleaded a counterclaim for damages, they would undoubtedly be entitled to a release and return of the property."

In the case at bar, the attached property was not capable of manual delivery or actual seizure. It is not true that a levy made in conformity to law is without effect until the notice is served. It is said in *Citizens Nat. Bank v. Converse*, 101 Iowa 307:

"It is clear that the notice is designed to be for the benefit of the defendant, while the taking of possession by the officer is notice of the attachment to third parties. The primary object of the attachment is to acquire a lien upon the attached property * * *. In the case of personal property capable of manual delivery, the taking of the property into the possession of the officer is the act of first importance to acquire dominion over it, and place it within the jurisdiction of the court, and the lien thus acquired dates from the actual taking of the property, and not from the doing of some incidental act which may be necessary to perfect and preserve the lien. * * * That [the statute] does not state that the levy creates no right until notice thereof is given to the defendant, but that 'notice of attachment must be given.'"

In *Schoonover v. Osborne Bros.*, 111 Iowa 140, it is said:

"The law, in requiring notice to be served on the defendant in the action, can have no other purpose than that of enabling him in apt time to guard any interests he may have in the property attached. If so, then there is no reason for construing it a part of the levy, and thereby putting it in the power of the

debtor, by sale or the execution of a mortgage, to defeat the attaching creditor, however diligent.''

It is also true that a defendant in attachment may so acquiesce in the levy as to waive the written notice, as provided by Section 12107. *Hamilton Bros. v. Hartinger*, 96 Iowa 7. So

2. ATTACHMENT:
levy: notice:
waiver of notice.

may a party in possession of the property attached waive notice, as provided by Section 12108, and therefore not be in a position to dispute the validity of the levy. *Foster v. Davenport*, 109 Iowa 329.

Let it be conceded that the record before us shows that no written notice of the levy was served by the sheriff prior to the filing of the instant motion, and that the service of the notice of levy by the sheriff upon the defendant was not made until the day after the instant motion was filed, and that said service was not within a reasonable time after the actual levy was made. Nevertheless, the determinative question is: Has the attachment-defendant so acquiesced in the levy, by reason of his conduct and the notice and knowledge which, in fact, he did have of the levy, that he was not, on May 5, 1925, in a position to dispute the validity of the levy?

It is conclusively shown that the actual levy was made on the day that plaintiff's petition was filed and the writ of attachment issued, and on that date, to wit, February 26, 1925, an original notice was placed in the sheriff's hands for service, and was served upon the attachment-defendant on that date. In the original notice it is recited:

''You are further notified that in said cause plaintiff has caused a writ of attachment to be issued and the same has been levied upon a certain judgment held by you against J. E. Hamilton, which said judgment was rendered in the Madison County district court on May 21, 1924, in the case of O. E. Tracy v. J. E. Hamilton for $1,017.22, the same being Cause Number 13272 and appearing on Judgment Docket 25, page 183.''

The recited fact was true, and it is manifest that the notice embraced in the original notice, although not prepared by the sheriff, but served by him, gave the defendant that information which enabled him to guard his interest in the property as effectually as though the statutory notice of levy had been served. Ordinarily and generally, the service of notice of levy on the

defendant by the proper officer is an essential step in perfecting and completing a levy. Such a notice presupposes that something has been done; but the fact stands that the instant defendant was as fully acquainted with the matter of levy as though the sheriff had served him, at that time, with a notice prepared and signed by the sheriff.

From February 26, 1925, when the writ of attachment was served on defendant and the levy made on the property in question, until May 5, 1925, when the motion to dissolve the attachment was filed, it must be said that the defendant acquiesced in the validity of the levy. Having failed to take prompt action, and in view of the actual notice conveyed to him of the controverted fact, he cannot now prejudice the rights of the plaintiff. The judgment-debtor in the judgment attached is not involved, nor is any creditor of the attachment-defendant's under consideration. The defendant himself has not been prejudiced or injured by any matter which is the basis of complaint in his motion.

II. The second proposition involves the ground of the motion to dissolve, in that no notice of levy was served upon the clerk of the district court. The statute (Section 12108, Code of 1924) provides that notice of levy shall be given to the party in possession of the property attached.

Is the clerk of the court in possession of a judgment in the sense that notice of levy is required to be given him by the officer making the levy on said judgment? We think not. The 3. ATTACHMENT: clerk has custody of the records of the court. A levy: notice: judgment is the official certificate evidencing a party in possession. decision or a decree of a court of competent jurisdiction. It is a written document, spread upon the records of the court, and it is in possession of the clerk in only that sense that the records of the court are in his possession. The indorsement of a levy on the face of a judgment contained in the proper record of the court constitutes a legal levy, and by the indorsement the clerk is apprised of the fact of levy.

A judgment is not property in the possession of the clerk, within the purview of Section 12108. *Wheaton v. Spooner*, 52 Minn. 417 (54 N. W. 372). Merely the record entry of the judgment is in his custody. Possession and custody are not synonymous. See 6 Words and Phrases 5467.

The ruling of the trial court is—*Reversed.*

EVANS, C. J., and ALBERT and MORLING, JJ., concur.