**DEWALT v. STATE FARM MUT. AUTOMOBILE INS. CO. OF BLOOMINGTON, ILL.**

No. 11160.

Circuit Court of Appeals, Eighth Circuit.

Nov. 23, 1938.

Rehearing Denied Dec. 9, 1938.

David A. Thompson, of Richmond, Mo., for appellant.

Thomas E. Deacy, of Kansas City, Mo. (Henderson & Deacy, of Kansas City, Mo., on the brief), for appellee.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

The plaintiff in this action at law alleged that the defendant insurance company, in consideration of the payment by him of a certain premium, had issued its insurance policy to him whereby, among other things, it insured him against legal liability to an amount not exceeding ten thousand dollars for death suffered by a third person resulting from an accident by reason of his use of his automobile; that his use of his car within the insurance period accidentally caused the death of one Elmer Steva; that a claim resulted in favor of the widow of the deceased who sued the plaintiff thereon and recovered judgment against him for ten thousand dollars and costs; that the judgment had become final and remained unsatisfied of record except that the sum of four thousand dollars and no more had been paid by the insurance company in partial payment and satisfaction thereof; that

the plaintiff remained liable on the remainder of the judgment, amounting to six thousand dollars interest and costs; that under the provisions of the policy, the defendant insurance company was bound to pay or satisfy the judgment, but has at all times denied any liability to the plaintiff and vexatiously refused to pay the outstanding balance of the judgment; that it thereby breached its contract and by reason of the breach of the terms of the policy, plaintiff has been damaged in said sum of six thousand dollars, interest and costs. Plaintiff demanded judgment for said sum and also for an additional amount of ten per cent and attorney's fees for wrongful and vexatious refusal to pay.

The insurance company demurred to the amended petition on the grounds that (1) no cause of action was stated; (2, 3) that the plaintiff was not the real party in interest or the proper party plaintiff; (4) that Sections 5898, 5899, Revised Statutes of Missouri, Mo.St.Ann. §§ 5898, 5899, pp. 4499, 4500, [1] preclude the plaintiff from maintaining the action; (5) and that no damage was shown. The demurrer was sustained. On the plaintiff's refusal to plead further, the action was dismissed and the plaintiff appeals.

The insurance company contends that the sections of the Missouri statute referred to in the demurrer operate to make the widow of the decedent the exclusive real party in interest to maintain an action against the company to recover under the policy on account of the judgment; that by virtue of those sections, she obtained a lien on the fund due under the terms of the policy and became subrogated to the rights of the assured, and because of her exclusive right the plaintiff's petition did not allege facts showing that he had suffered damage.

It appears that the sections of the statute have been considered by the Missouri courts in several cases, Taverno v. American Auto. Ins. Co., Mo.App., 112 S. W.2d 941; Lajoie v. Central West Casualty Co., 228 Mo.App. 701, 71 S.W.2d 803; Schott v. Continental Auto Ins. Underwriters, 326 Mo. 92, 31 S.W.2d 7, but we find no intimation in any of them to support the contention that the sections according rights to a person who has suffered injury within the purview of the insurance policy operate to divest the insured himself of his right to sue an insurance company at law for breach of the insurance contract made and entered into with him. Prior to the statute an injured person who had obtained judgment against a policy holder under such circumstances as are presented, could have had a writ of garnishment against the insurance company for the amount of the judgment within the limits of the policy.

[1] "§ 5898. *Cancellation or annulment—when void.* In respect to every contract of insurance made between an insurance company, person, firm or association, whether a stock, a mutual, a reciprocal or other company, association or organization, and any person, firm or corporation, by which such person, firm or corporation is insured against loss or damage on account of the bodily injury or death or damage to property by accident of any person, for which loss or damage such person, firm or corporation is responsible, whenever a loss occurs on account of a casualty covered by such contract of insurance, the liability of the insurance company, if liability there be, shall become absolute, and the payment of said loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, or damage, or death, or if the insured becomes insolvent or discharged in bankruptcy during the period that the policy is in operation or any part is due or unpaid; occasioned by said casualty. No such contract of insurance shall be canceled or annulled by any agreement between the insurance company and the assured after the said assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void. (Laws 1925, p. 274, § 1)."

"§ 5899. *Judgment creditor may collect insurance, when.* Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company, person, firm or association as described in the preceding section, and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment. (Laws 1925, p. 274, § 2)."

But the existence of such a right of garnishment would not destroy the insured's right to sue for breach of the policy.

The new statute gives the injured person who has obtained judgment against an insured the right to proceed directly against the insurance company by suit in equity to compel satisfaction of the judgment within the policy limits. But by the terms of the policy, the company agreed to insure the plaintiff against the liability of a judgment. When that liability accrued against the plaintiff here by the rendition of judgment against him, the duty devolved upon the company to perform its contract with plaintiff to insure him against his liability by securing discharge of the judgment. Miller v. Collins, 328 Mo. 313, 40 S.W.2d 1062, 1065; Brucker v. Georgia Casualty Co., 326 Mo. 856, 32 S.W.2d 1088. When it failed to do so, as alleged in this petition, it breached the contract it made with the plaintiff. The detriment of having a judgment hanging over him is what the plaintiff insured himself against. He suffers that detriment by reason of the company's alleged breach of its contract with him, and no reasons can be shown why the wrongful breach of contract occasioning such a detriment is not actionable by him. If he should recover judgment, it would, of course, be subject to garnishment by the widow, unless, as contended for the insurance company, her right to proceed in equity under the Section 5899 is her exclusive remedy. She is not a party to this case and whether she may garnish or must sue directly need not be determined. But see Lajoie v. Central West Casualty Co., 228 Mo.App. 701, 71 S.W.2d 803. The fact that the company's alleged wrongful failure to satisfy and discharge her judgment in full may result in her bringing garnishment or equity proceedings against the company presents no ground to deny the insured plaintiff his right of action for his damage and detriment resulting to him from the breach of the contract made with him. It is contended that as a result of the sections of the statute, the insurance contract became in effect a contract for the benefit of a third person, namely, the injured person or his widow, and on that account the third person alone could sue for the breach. We do not think such a result would follow under Sections 698 and 699, Revised Statutes of Missouri 1929, Mo.St.Ann. §§ 698, 699, pp. 900, 906. [2] But the plaintiff made the contract for his own individual benefit and protection. The policy did not contemplate that if an injured person should obtain a judgment against the insured the insurance company could make a settlement of its liability to the injured person and leave the injured person to execute his judgment against the insured. On the contrary, the company insured the plaintiff "against legal liability", and in the clause governing "suits against the company", the provision is that no "action to recover for any loss covered by this policy, arising or resulting from claims upon the assured for damages, shall be sustainable unless it shall be brought by the assured after the amount of damages for which the assured is liable, * * * is determined either by final judgment against the assured or by agreement between the assured and the plaintiff with the written consent of the company." We think the policy gave a right of action to the insured as soon as a judgment was rendered against him for any occurrence within the policy. The contract provided for and recognized the loss insured against as being ripened and existent whenever a judgment was secured against the insured.

Not only does the contract so provide, but the contract followed Section 5898, which declared that, in this character of policy, "whenever a loss occurs on account of a casualty covered by such contract of insurance, the liability of the insurance company, if liability there be, shall become absolute."

The demurrer to the petition should have been overruled.

Reversed and remanded.

2 "§ 698. *Action to be prosecuted in name of real party in interest.* Every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in the next succeeding section; but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract."

"§ 699. *Executors and trustees may sue, how—trustee defined.* An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue in his own name without joining with him the person for whose benefit the suit is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another."