MYRTLE EGGERMONT, Appellee, v. CENTRAL SURETY AND INSURANCE CORPORATION, Appellant.

No. 46627.

MARCH 6, 1945.

REHEARING DENIED APRIL 6, 1945.

Reed & Elick, of Des Moines, for appellant.

A. D. Pugh, of Des Moines, for appellee.

OLIVER, J.—The petition prays judgment against defendant for $3,000, alleging that while plaintiff, a resident of Iowa, was traveling between Hayti, Missouri, and St. Louis, Missouri, as a passenger on a motorbus of Dixie Greyhound Lines, a common carrier, she was injured by the negligence of said carrier, to her damage in the amount of $3,000; that said carrier is a foreign corporation and service cannot be made upon it in Iowa; that section 5729, Revised Statutes of Missouri, 1939, and Rule 19 of its Public Service Commission require such carriers to carry insurance for the benefit of the traveling public; and that such insurance had been issued to said carrier and filed with Missouri Public Service Commission by defendant, an insurance corporation of Missouri. A copy of the policy is attached to the petition.

Defendant insurance corporation filed motion to dismiss the action, asserting that provisions of the policy require a judgment against the insured carrier as a condition precedent to the right of plaintiff to maintain such action, and that neither section 5729, Revised Statutes of Missouri, 1939, nor Rule 19 of the Public Service Commission of Missouri contemplates the bringing of a direct suit against the insurer without the performance of said condition precedent. The trial court overruled said motion and we granted defendant an appeal.

It has been suggested that section 5100.26, Code of Iowa, 1939, permits appellee to maintain this action. This section is a part of chapter 252.1 entitled Motor Vehicle Certified Carriers. It requires a motor-vehicle carrier operating in Iowa to file with Iowa State Commerce Commission a liability bond or insurance policy which shall bind the obligors to make compensation for injuries to persons, etc., resulting from such operation and for which such motor carrier would be legally liable, and that when service cannot be made upon the motor carrier within Iowa, action may be brought upon the insurance policy and against the insurance company. Said section does not apply to liability-insurance policies in general. It governs only bonds or insur-

ance policies required by chapter 252.1, Code of Iowa. This insurance policy was not issued pursuant to said chapter. Dixie Greyhound Lines did not operate in Iowa and had no certificate so to do.

The policy was filed with Missouri Public Service Commission pursuant to section 5729, Revised Statutes of Missouri, 1939. The accident occurred in that state. Appellee's right of action against appellant is governed by the Missouri statutes. Aetna Casualty & Surety Co. v. Gentry, 191 Okla. 659, 132 P. 2d 326, 331, 145 A. L. R. 623; case note in 120 A. L. R. 855; Coderre v. Travelers Ins. Co., 48 R. I. 152, 136 A. 305, 54 A. L. R. 512; Yeats v. Dodson, 345 Mo. 196, 127 S. W. 2d 652, 138 S. W. 2d 1020.

Section 5729, Revised Statutes of Missouri, 1939, provides in part as follows:

"No certificate of convenience and necessity * * * shall be issued by the public service commission until and after such carrier shall have filed with, and same has been approved by the commission of this state, a liability insurance policy or bond in some reliable insurance company or association or other insurer satisfactory to the commission and authorized to transact insurance business in this state, in such sum and upon such conditions as the commission may deem necessary to adequately protect the interests of the public in the use of the public highways and with due regard to the number of persons * * * which liability insurance shall bind the obligors thereunder to make compensation for injuries to persons and loss of or damage to property resulting from the negligent operation of such motor carrier * * *."

This statute, with certain changes not here material, was originally enacted in 1927 [Laws of 1927, 407] and appears in section 10516a6 of 1927 Supplement to Revised Statutes of Missouri, 1919, section 5274, Revised Statutes of 1929, and section 5273, re-enacted, Laws of 1931, 304.

The policy contains a provision that no action shall be brought against the insurer until the liability of the insured has been established by judgment or agreement. An endorsement under Rule 19 of Missouri Public Service Commission

provides that the insurer agrees to pay any final judgment against the insured and that the judgment creditor may maintain an action to compel such payment. This endorsement accords with section 6010, Revised Statutes of Missouri, 1939, which provides that upon recovery of a final judgment for damage the judgment creditor may proceed in equity against the defendant and the insurance company to apply the insurance money to the satisfaction of the judgment. This provision was enacted in 1925 and appears in section 5899, Revised Statutes of Missouri, 1929. It applies to all liability insurance and is not limited to policies filed pursuant to section 5729.

The nature of the remedy provided by section 6010 is essentially that of a creditor's bill or equitable garnishment. Schott v. Continental Auto Insurance Underwriters, 326 Mo. 92, 31 S. W. 2d 7. It is based upon a prior judgment against the insured. Taverno v. American Auto Ins. Co., 232 Mo. App. 820, 112 S. W. 2d 941. The remedy provided by section 6010 is not exclusive. Lajoie v. Central West Cas. Co., 228 Mo. App. 701, 71 S. W. 2d 803. The recovery of judgment against the insured is not the injury insured against but is merely the test or mode of proof in actions brought under 6010. Hocken v. Allstate Ins. Co., 235 Mo. App. 991, 147 S. W. 2d 182, 187; Homan v. Employers Reinsurance Corp., 345 Mo. 650, 136 S. W. 2d 289, 295, 127 A. L. R. 163. See, also, Frohoff v. Casualty Recip. Exch., Mo., 113 S. W. 2d 1026; Pennsylvania Cas. Co. v. Phoenix, 10 Cir., Okla., 139 F. 2d 823.

Some of the foregoing decisions make reference to section 5729 but no case brought to our attention passes upon the question whether or not section 5729 permits a direct action against the insurer without a prior judgment against the insured. If this statute does permit such action, any provisions of the policy which would abridge said right are of no force and effect. Homan v. Employers Reinsurance Corp., 345 Mo. 650, 136 S. W. 2d 289, 295, 127 A. L. R. 163.

In Huddleston v. Manhattan F. & M. Ins. Co., 235 Mo. App. 776, 781, 148 S. W. 2d 74, 76, the policy (issued in compliance with the Federal Motor Carrier Act of 1935, 49 U. S. C., section 301 et seq.) provided that the insurer would pay any shipper for damages to property transported by insured, for which dam-

ages insured "may be held legally liable." In affirming a judgment in a direct action against the insurer by the owner of property in transit damaged by the negligence of the insured carrier, the court said:

"* * * respectable authority, establishes the principle that an action on a policy such as is here involved may be brought directly against the insurer by the cargo owner. Furthermore, it appears that such procedure has the sanction of sound logic and reason. The principle that a third party beneficiary in a contract may sue on said contract (even though he is a stranger to it) is well established in this State."

The language of section 5729, Revised Statutes of Missouri, 1939, is substantially the same as that in a former Iowa statute, section 5105-a26, Code of 1927, which required a motor-vehicle carrier to file a liability bond or insurance policy "which liability insurance bond shall bind the obligors thereunder to make compensation for injuries to persons and loss of, or damage to, property resulting from the operation of such motor carrier." Under said statute, we held, in Curtis v. Michaelson, 206 Iowa 111, 119, 219 N. W. 49, 52, that such an action could be maintained against the insurer, without judgment against the assured, stating:

"The bond was a contract, made not only for the protection of the operator of the motor bus, but also directly for the benefit of an injured person."

Subdivision e of subsection 5 of section 8940, Code of Iowa, 1927, provided for suit against the insurer by one who had secured judgment against the insured carrier (analogous to section 6010 of 1939 Revised Statutes of Missouri) and the policy in the cited case contained an endorsement (as did the policy at bar) providing for such suit. The decision holds such provision covers an alternative procedure and is not exclusive in character and that the obligation imposed by section 5105-a26, Code, 1927, could not be abridged or modified in any form of bond that the railroad commissioners might approve. Thus it appears that the statutes and provisions of the policy in Curtis v. Michaelson, supra, as far as here material, were analogous

to those in the case at bar. For a case involving injury to a bus passenger, see Crozier v. Hawkeye Stages, 209 Iowa 313, 228 N. W. 320.

Section 5105-a26, Code of Iowa, 1927, was repealed in 1929 and the provisions now found in section 5100.26, Code of Iowa, 1939, hereinbefore set out, substituted therefor. We considered that statute in Ellis v. Bruce, 215 Iowa 308, 316, 245 N. W. 320, and pointed out that the effect of the change was to limit the right of the injured party to sue the insurance company to a case where personal service could not be had upon the tortfeasor within the state. Schulte v. Great Lakes Forwarding Corp., 228 Iowa 1012, 1017, 291 N. W. 158, 160, states that Curtis v. Michaelson, supra, "held that the statute conferred a right of action against the insurance company independent from the cause of action against the carrier insured by it."

Aetna Casualty & Surety Co. v. Gentry, 191 Okla. 659, 132 P. 2d 326, 145 A. L. R. 623, was an action in Oklahoma against the insurer of a Kansas carrier for injuries received in Kansas. The court held the Kansas law created a type of liability enforceable in Oklahoma in a suit against the insurance company alone. Statutes similar to those of Missouri and Iowa have been enacted in Oklahoma also. Under such statutes the surety company has been held a proper party in the original action for damages. Enders v. Longmire, 179 Okla. 633, 67 P. 2d 12. See, also, annotations 96 A. L. R. 356; 85 A. L. R. 20; 106 A. L. R. 516.

As heretofore noted, an endorsement to the policy in suit, under Rule 19 of Missouri Public Service Commission, provides that the insurer agrees to pay any final judgment against the insured and that the judgment creditor may maintain an action to compel such payment. Appellant contends such endorsement requires a judgment against insured as a condition precedent to recovery against the insurer under section 5729, Revised Statutes of Missouri, 1939. This endorsement adds nothing to the policy because, under section 6010, Revised Statutes of Missouri, 1939, such a provision is, in effect, read into every liability-insurance policy. We have already referred to statements in Iowa and Missouri decisions that the remedy given by such provisions is not exclusive and does not bar other remedies to which the

claimant may be otherwise entitled. Hence the endorsement does not bar the other remedy provided by section 5729.

Nor does the language of section 5729, to the effect that the policy shall be "upon such conditions as the commission may deem necessary," etc., empower the commission to nullify the provision that the "liability insurance shall bind the obligors thereunder to make compensation for injuries to persons," etc. Upon this point, the following statement from Jacobsen v. Howard, 164 Okla. 88, 90, 23 P. 2d 185, 187, is pertinent:

"While the Corporation Commission is authorized by the statute to promulgate rules and regulations, it is not authorized by the statute to make any rule or regulation which conflicts with the provisions of the statute. The statute binds the liability insurance bond maker to make compensation for injuries to persons resulting from the operation of the bonded motor carrier. Such a liability insurance bond is for the benefit of the motor carrier only in so far as it enables the motor carrier to procure a certificate of convenience and necessity for the operation of his business. Otherwise it is for the benefit of the person injured, and the person injured is entitled to recover the amount of his damage from the liability insurance bond maker, not exceeding the amount of the bond * * *. Under the statute the liability insurance bond maker is liable for the injuries resulting from the operation of the motor carrier, not by reason of its bond, but by reason of the statute, after it has filed its bond."

The decision in the case at bar rests upon the interpretation of section 5729, Revised Statutes of Missouri, 1939. In the absence of any decision of the Missouri courts, called to our attention, interpreting said section upon the point here involved, we have concluded to follow the interpretation placed upon analogous statutes in the cited decisions of this court and other courts.

Hence we hold this action may be maintained without a prior judgment against the motor carrier.—Affirmed.

HALE, C. J., and SMITH, BLISS, WENNERSTRUM, MULRONEY, and GARFIELD, JJ., concur.