WILLIAM PRIES, appellee, v. M. F. A. MUTUAL INSURANCE COMPANY, appellant.

No. 51050.

(Reported in 122 N.W.2d 925)

JULY 16, 1963.

Betty, Neuman, Heninger & McMahon, R. Richard Bittner and Ronald L. Carlson, all of Davenport, for appellant.

John E. McCracken, of Davenport, and Charles J. Munson, of Bettendorf, for appellee.

STUART, J.—On May 4, 1961, plaintiff obtained a judgment against Robert G. West for injuries sustained in an automobile accident. On March 9, 1962, 309 days later, this action was brought against the defendant insurance company to collect the judgment under the provisions of section 516.1, Code of Iowa, which requires that all liability insurance policies provide: "* * * in event an execution on a judgment against the insured be returned unsatisfied in an action by a person who is injured or whose property is damaged, the judgment creditor shall have a right of action against the insurer to the same extent that such insured could have enforced his claim against such insurer had such insured paid such judgment."

The defendant-company had denied coverage and did not defend the suit against Mr. West. In this action the company filed a Motion to Dismiss plaintiff's petition on the ground that the action was barred under section 516.3 of the Iowa Code which provides:

"Limitation on action. Said action may be brought against said insurer within one hundred eighty days from the entry of judgment in case no appeal is taken, and, in case of appeal, within one hundred eighty days after the judgment is affirmed on appeal, anything in the policy or statutes to the contrary notwithstanding."

The trial court sustained the motion to dismiss on that ground and also held the petition was fatally defective as it did not allege an execution against West had been returned unsatisfied. The trial court's ruling also gave plaintiff 30 days to amend. Within the allotted time an amendment was filed alleging the execution had been returned unsatisfied and seeking to excuse the failure to file the action within 180 days by the following allegation:

"That thereafter plaintiff was informed and believed that the insured, Robert G. West, was to commence suit on said policy against this defendant. In reliance thereon plaintiff refrained from commencing an action until March of 1962."

Defendant filed another Motion to Dismiss on the ground that the petition as amended alleged no matters which would excuse the failure to institute the action within the prescribed

444

period. The trial court overruled the motion and we granted defendant permission to pursue an interlocutory appeal from that ruling.

Appellee, in his Brief and Argument, makes no attempt to uphold the trial court's ruling that the above allegation is sufficient to excuse the failure to file the action within the 180 days. We therefore will not devote a great deal of space to this proposition. This apparently was an effort to raise an estoppel against the defendant, but the amended petition does not allege conduct on the part of the insurance company or its representatives upon which plaintiff relied in failing to file his action.

The plaintiff on this appeal contends section 516.3 is not a statute of limitations and that it was not necessary for him to commence his action within 180 days. He argues the use of the word "may" in this section makes it permissive but not mandatory. He states the legislature would have used the word "must" if it was intended as a statute of limitation or added the phrase "and not afterwards" as was done in section 614.1, Code of Iowa, which provides: "Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards * * *."

We do not agree with appellee's interpretation of section 516.3 and do not believe the authorities and examples support his position in the case at bar. This court has not been called upon previously to interpret this particular section of the Code, but section 516.1 has been considered in several cases. They indicate that persons given the right to sue under this section are bound by its limitations. Ellis v. Bruce (1932), 215 Iowa 308, 245 N.W. 320; McCann v. Iowa Mutual Liability Ins. Co. (1942), 231 Iowa 509, 1 N.W.2d 682. See also Hoosier Cas. Co. of Indianapolis v. Fox, 102 F. Supp. 214. Section 516.3 is another limitation on the right created in section 516.1.

The word "may" as used in this section gives the judgment creditor permission to bring the action, if he desires. Use of the word "must" in place of "may" in this particular statute would make it mandatory to bring the action. In all probability, the use of the phrase "and not afterwards" would have eliminated any question, but the intent and meaning is clear without it.

██ ██ Chapter 516 of the Iowa Code gives a judgment creditor a right to bring suit against an insurance company which he did not have at common law, because there was no privity of contract. It is designed to correct an injustice which might occur should an insolvent insured refuse to sue his insurance company to force payment under the terms of the policy. While the statute should be liberally interpreted to effectuate the desired result, it is in derogation of common law and the limitations placed upon the right created by statute must be strictly observed. A condition precedent to the right to sue the insurance company is that an execution on the judgment shall have been returned unsatisfied. The right terminates after a period of 180 days from the entry of judgment, if no appeal is taken. Other jurisdictions have taken a similar position on comparable statutes. Holthouse v. Akom, Ohio Com. Pl., 79 N.E.2d 589; Gross Galesburg Co. v. Ingalls, 136 Ohio St. 450, 26 N.E.2d 440; Jackson v. Citizens Cas. Co., 277 N. Y. 385, 14 N.E.2d 446; Metropolitan Cas. Ins. Co. v. Union Indemnity Co., 141 Misc. 792, 253 N. Y. S. 324; Gutride v. General Reinsurance Corp., 167 Misc. 608, 4 N. Y. S.2d 387.

An examination of the title to the Act under which this statute became law, chapter 97, 46th G. A., reveals the legislative intention. Included is the phrase "and to provide the time in which an action to enforce such inurement may be brought." The title to section 516.3 which is an integral part of the Act and not an insertion by the Code editor is "Limitation on action".

Unless 516.3 is construed as a limitation statute, it has no meaning whatsoever. If we accept appellee's interpretation it would merely say that the action may be brought in 180 days but it can be brought after that as long as the general statute of limitations has not run. It would add nothing to the Code. The legislature must have intended it to have some meaning and the Act itself shows it was intended as a limitation statute.

The trial court should have sustained defendant's Motion to Dismiss.—Reversed.

All JUSTICES concur.