**ARBIE MINERAL FEED CO.
INC., Appellee,**

v.

**FARM BUREAU MUTUAL INSURANCE
COMPANY, James A. Elgin, James A.
Elgin, Inc. (Canceled 11/23/82), David
E. Sands, David E. Sands, Inc. (Canceled 11/23/82), and E &·S Farms, Appellants.**

No. 89–592.

Supreme Court of Iowa.

Nov. 21, 1990.

Thomas D. Hanson, Barry A. Russell and. Lu Ann White of Hanson, Bjork & Russell, Des Moines, for appellant Farm Bureau Mut. Ins. Co.

Larry J. Cohrt of Swisher & Cohrt, Waterloo, for appellants James A. Elgin and James A. Elgin, Inc.

Larry J. Thorson and Douglas C. Meyer of Thorson & Meyer Law Offices, Cedar Rapids, for appellants David E. Sands and David E. Sands, Inc.

Michael J. Burdette of Cook, Gotsdiner, McEnroe & McCarthy, Des Moines, and David B. Russell of Abendroth & Russell, P.C., Urbandale, for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, LAVORATO, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

At issue in this case is the validity of a sheriff's levy upon a judgment before the judgment is entered. Because the levy did not establish a valid lien upon either the judgment or the cause of action, we reverse.

### I. *Background.*

In April of 1983, Arbie Mineral Feed Co. (Arbie), obtained a default judgment against James A. Elgin (Elgin) in Dubuque County for the amount of $35,820.06 plus interest at the rate of fifteen percent per annum and attorney's fees. The judgment was entered upon a promissory note signed by Elgin in April 1982 for feed which Arbie had sold to Elgin for use by E & S Farms. E & S Farms was a purported partnership of two Iowa corporations, James A. Elgin, Inc. (Elgin Inc.) and David E. Sands, Inc. (Sands Inc.). Neither corporation was operated in conformance with the applicable Iowa laws regulating corporations; no by-laws were adopted, no corporate minutes were recorded, and no shareholder meetings were held. Both corporations were incorporated in 1979 and canceled by the Secretary of State in November of 1982 for failure to file annual reports.

In December 1981, a fire severely damaged a hog building at the E & S Farms operation. Farm Bureau Mutual Insurance Co. (Farm Bureau), the fire insurance carrier for E & S Farms, refused to pay the claim for damages to personal property of E & S Farms. In 1982, Elgin, Elgin Inc., David E. Sands (Sands), Sands Inc. and E & S Farms brought an action in Delaware County against Farm Bureau on the insurance claim.

Arbie learned of Elgin's action against Farm Bureau. On August 13, 1984, the Delaware County Sheriff, at Arbie's instruction, levied on

> any assets of Judgment rendered in case number CL 1663, in the District Court of Delaware County, Iowa, in which James A. Elgin, a/k/a James Elgin, James Elgin, Inc., David Sands, David Sands, Inc., and E & S Farms, vs. Farm Bureau Mutual Ins. Company, allocated to the defendant James Elgin. (sic)

The sheriff served notice of this levy on the Delaware County Clerk of Court, an agent of Farm Bureau, and Elgin. He did not file a certified copy of his inventory of the property and his statement of the number and title of the case with the Secretary of State as required by Iowa Rule of Civil Procedure 260(b).

In separate, previously filed actions, the Farmers & Merchants Bank of Manchester, Iowa (the bank) brought suit against Sands Inc. and Sands in one action, and E & S Farms, Sands Inc., Elgin Inc., Sands, and Elgin in the other. The farming operation had been largely financed by the bank; Elgin, on behalf of E & S Farms, had signed a promissory note for over $500,000. The bank was the loss payee of the Farm Bureau fire insurance policy issued to E & S Farms covering personal property loss.

During the course of the insurance claim trial (CL 1663) in September 1986, the presiding judge informed the parties that reversible error might have occurred. This prompted the parties to discuss a settlement. As part of the settlement, Farm Bureau agreed that a judgment be entered in the amount of $105,000 in favor of Sands and Elgin, Inc., pursuant to rule 226 of the Iowa Rules of Civil Procedure. This rule allows the clerk of court to enter any judgment upon which all parties agree in open court, or by writing filed with the clerk. Elgin and the other named plaintiffs agreed to drop all claims against Farm Bureau. The bank agreed to dismiss all its claims upon receipt of $30,000 of the $105,-000. The next day Farm Bureau issued a

check to the clerk of the district court for the full amount of the judgment. The clerk then issued a check to Sands, Elgin Inc., and their attorneys. No judgment was ever entered in favor of Elgin.

Arbie subsequently filed a petition against Elgin, Elgin Inc., Sands, Sands Inc., E & S Farms, and Farm Bureau alleging fraud and misrepresentation and seeking actual, general and punitive damages. Two other counts against Farm Bureau alone were based on negligence and an alleged breach of its duties as a garnishee. In January 1989, the court found the defendants jointly and severally liable for actual damages of $65,102.91 and punitive damages of $100,000 plus interest. All five defendants appealed.

Our review of this case is for errors at law; the trial court's findings of fact have the effect of a special verdict. Iowa R.App.P. 4. Those findings of fact are binding upon us if supported by substantial evidence. Iowa R.App.P. 14(f)(1).

## II. *Establishment of Lien by Levy on a Judgment.*

Rule 260 of the Iowa Rules of Civil Procedure states:

Levy on personalty may be made under an attachment or general execution by either of the following methods, but no lien is created until compliance with one of them.

(a) By the officer taking possession of the property, and appending to the execution its exact description at length, with the date of the levy, and affixing his signature; or

(b) If the creditor or his agent first so requests in writing, the officer may view the property, inventory its exact description at length, and append such inventory to the execution, with his signed statement of the number and title of the case, the amount claimed under the execution, the exact location of the property and in whose possession and the last known address of the judgment debtor; and, ... file with the secretary of state his certified transcript of such inventory and statement....

The trial court held that even though there was not strict compliance with rule 260, Arbie nevertheless had a valid lien on any judgment allocated to Elgin. The court further held that the defendants, with actual knowledge of Arbie's lien, were under a duty to preserve the assets arising from the action to satisfy that lien. The court concluded that in circumventing Arbie's lien by entering into the rule 226 settlement, the defendants committed fraud against Arbie.

The defendants argue that Arbie did not have a valid lien because rule 260 was not followed. They also urge that even if there were a valid lien, such would not create a duty on their part to preserve assets for Arbie. They also challenge the sufficiency of the evidence to support the amount of actual damages awarded and the amount and propriety of the punitive damages awarded. Because we find that there was no valid lien, we do not reach these other issues.

Arbie urges that its levy was valid under either rule 260 or section 626.22. Section 626.22 states:

The levy upon a judgment shall be made by entering upon the judgment docket a memorandum of such fact, giving the names of the parties plaintiff and defendant, the court from which the execution issued, and the date and hour of such entry, which shall be signed by the officer serving the execution, and a return made on the execution of the officer's doings in the premises.

■ The defendants urge that only rule 260 is applicable and that its requirements were not met. Even if we assume that section 626.22 is applicable, the problem with the levy in this case under either section 626.22 or rule 260 is that there was no judgment in existence at the time of the levy. Section 626.22 deals with the "levy on a judgment...." Here there was no judgment in the insurance claim action on August 13, 1984, the date of the purported levy. In fact, there was never a judgment, or any part thereof, awarded to Elgin. Similarly, rule 260 deals with "[l]evy on personalty." Personalty is synonymous

**680**

with personal property. Black's Law Dictionary 1030 (5th ed. 1979). Obviously, a judgment which has never existed cannot be property. Thus, it cannot be levied upon. We hold that a judgment may not be levied upon until it has been entered.

Once a judgment has been entered, of course, it may be levied upon. *See, e.g., Edwards v. Tracy,* 203 Iowa 1083, 212 N.W. 317 (1927). Here, however, there was never a judgment entered in favor of the judgment debtor, Elgin. Arbie had another option available to it, however.

### III. *Levy on Choses in Action.*

In *Steffens v. American Standard Insurance Co.,* 181 N.W.2d 174 (Iowa 1970), we set out the options of a creditor whose debtor had a claim against a liability insurer. *Id.* at 175–76. These options were to: (1) levy execution on the debtor's chose in action, (2) garnish the insurer under execution, or (3) file a creditor's bill in equity. *Id.*

■ At common law, choses in action could not be reached by execution. *Id.* at 176. Iowa, however, has adopted the broad form of statutory execution authorizing levy on choses in action. *Id.;* Code of Iowa § 626.21 (1989). A "chose in action" is the same thing as a "thing in action." *Brenton Bros. v. Dorr,* 213 Iowa 725, 733–34, 239 N.W. 808, 811–12 (1931). A chose (or thing) in action is a right not reduced into possession or a right under a contract which, in case of nonperformance, can only be reduced to beneficial possession by an action or suit. *Id.* We have previously stated that the phrase "things in action" includes a claim for breach of contract. *Id.* at 736–37, 239 N.W. at 813. Such a claim is a cause of action. Black's Law Dictionary 224 (5th ed. 1979). A cause of action is in existence prior to judgment and is personal property upon which, under Iowa law, a creditor may levy. *Steffens,* 181 N.W.2d at 175–76; Iowa Code § 4.1(9).

The accepted method of levying on personal property is set out in Note, *Applying Hulm in Iowa: Avoiding Involuntary Transfers as Fraudulent Conveyances Under Section 548(a)(2) of the Bankruptcy Code,* 71 Iowa L.Rev. 1437, 1463–64

(1986). Published Iowa cases in which causes of action have been levied upon include *Steffens* and *Brenton Bros.* But *see, Citizens State Bank v. Hansen,* 449 N.W.2d 388 (Iowa 1989).

Arbie contends that rule 260 need not be strictly complied with for a valid levy. We note that "[i]t is a general rule that a statutory lien can exist only when it has been perfected in the manner prescribed by the statute." *Ware v. Delahaye,* 95 Iowa 667, 678, 64 N.W. 640, 644 (1895). Similarly, rule 260 itself states: "[l]evy on personalty may be made under an attachment or general execution by either of the following methods, but *no lien is created until compliance with one of them.*" (Emphasis added.) There is no lien for any purpose until the procedural steps required under the rule have been taken. *Peterson v. Polk County Treasurer,* 452 N.W.2d 453, 454 (Iowa 1990).

■ Had Arbie levied upon Elgin's cause of action, that cause of action could have been sold at sheriff's sale. Iowa R.Civ.P. 258; Iowa Code §§ 626.74–.105. Arbie could have purchased the chose in action and had it assigned. It could have then prosecuted the claim against Farm Bureau in Elgin's place. *Steffens,* 181 N.W.2d at 176. Arbie levied on a nonexistent judgment; it did not levy on Elgin's cause of action. As a result no lien was created.

■ Arbie did not have available to it the option of garnishment. Generally speaking, unliquidated debts may not be garnished. *See* 38 C.J.S. *Garnishment* § 89 (1943). Here the debt of Farm Bureau to Elgin was never liquidated; thus, there was never anything for Arbie to garnish.

### IV. *Disposition.*

The trial court found that there was a valid levy which created a lien which, in turn, created a duty on the part of the defendants to preserve for Arbie the assets produced by the action. Because we find there was no valid levy, we reverse.

REVERSED.