Thomas J. Miller, Atty. Gen., John R. Perkins, Deputy Atty. Gen., and Robin G. Formaker and Dean A. Lerner, Asst. Attys. Gen., for defendant-appellee.

**William HARRINGTON, Administrator of the Estate of Carol Harrington, Deceased, Plaintiff–Appellant,**

**v.**

**CHICAGO AND NORTHWESTERN TRANSPORTATION COMPANY, City of Missouri Valley, Iowa, Harrison County, Iowa, Defendants,**

**and**

**State of Iowa, Defendant–Appellee.**

**No. 88–1703.**

Court of Appeals of Iowa.

Dec. 21, 1989.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

On August 1, 1986, Carol Harrington was driving south on Willow Road, Missouri Valley, Harrison County, Iowa. As she reached the point where Willow Road intersects with a railroad right-of-way, she was struck and killed by a Chicago and Northwestern train. The crossing was located completely within the corporate boundaries of Missouri Valley, Iowa, and did not involve a primary road. The State did not design, build, or maintain the road nor did it own any adjacent right of way.

Carol's husband brought this suit on behalf of himself and his three children. He sued the railroad, the city, the county, and later joined the State of Iowa (State).

Harrison County filed a motion for summary judgment which was sustained. Har-

rington's appeal of that ruling was voluntarily dismissed. The State filed a motion for summary judgment which was sustained by the district court. The railroad and the city remained as defendants after the State's summary judgment. Harrington appealed the summary judgment. Prior to trial, Harrington dismissed his suit in the district court against the railroad and the city following a settlement of $360,000.

In its motion for summary judgment the State cited three reasons why this matter should be dismissed. First, under Iowa Code section 306.4(3), the State has no jurisdiction or control over the roadway because sole jurisdiction and control over the municipal street system belongs to the city. Second, under Iowa Code section 668.10(1), the State is immune from any alleged failure to place, erect, or install traffic control devices. Third, under 23 U.S.C. section 409, evidence relating to the State's actions in compiling safety data used in the planning and evaluation of projects utilizing federal highway funds is inadmissible and does not form a basis for a cause of action.

After receiving briefs from both parties and hearing arguments, the district court entered the following calendar entry on October 28, 1988: "The Motion for Summary Judgment filed by Defendant State of Iowa is sustained."

From this entry Harrington filed his notice of appeal. Appellant challenges the district court's affirmance of the State's motion for summary judgment, raising eight issues as errors of law. Appellant asserts summary judgment should not have been sustained because: there are still disputed issues of material facts concerning the State's negligence; the State exercised jurisdiction and control over the crossing; the State had either a statutory or common law duty to maintain the safety of the crossing and the State is not immune from negligence for a breach of this duty. We affirm.

Our review is on errors assigned. Iowa R.App.P. 4. In ascertaining whether summary judgment (Iowa R.Civ.P. 237) is appropriate, we apply the following standards:

In reviewing the grant or denial of a summary judgment motion, we view the underlying facts contained in the pleadings and the inferences to be drawn therefrom in the light most favorable to the party opposing the motion, and give to such party the benefit of any doubt as to the propriety of granting summary judgment. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied, and to reverse the grant of summary judgment if it appears from the record there is an unresolved issue of material fact.

*D.R.R. v. English Enterprises, CATV,* 356 N.W.2d 580, 583 (Iowa App.1984).

Harrington argues the trial court erred in sustaining the motion for summary judgment because there are genuine issues of material fact regarding the State's liability. After reviewing the record in the light most favorable to the appellant, we do not agree.

█ There is no dispute Willow Road is a municipal street under the jurisdiction of the City of Missouri Valley and is, therefore, not a part of the state's primary road system. Neither does Harrington dispute the fact none of the property at issue was owned or controlled by the State. Although he alleges the State was negligent in the construction of the crossing, he offers no evidence to support this. The record indicates the track was built by the railroad and Willow Road was constructed by the city. Harrington's claim the weeds and trees obstructed decedent's vision does not support his claim of the State's liability as the property in question is owned by Missouri Valley.

The Iowa Supreme Court recently adopted the federal standard for summary judgment as set out in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 244, 106 S.Ct. 2505, 2508, 91 L.Ed.2d 202, 209 (1986). *See Behr v. Meredith Corp.,* 414 N.W.2d 339, 341 (Iowa 1987). In *Anderson,* the United States Supreme Court held the standard for summary judgment is the same as upon directed verdict. 477 U.S. at 251, 106 S.Ct. at 2512, 91 L.Ed.2d at 214. As the court in

*Anderson* stated, when a movant for summary judgment satisfies the initial burden of production by showing there is no genuine issue of fact, the burden shifts to the party opposing the motion for summary judgment, who then must set forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2516, 91 L.Ed.2d at 213. In the case before us, Harrington failed to sustain this burden.

■ Even if the State did have jurisdiction of the crossing, summary judgment would be appropriate because Iowa Code section 668.10(1) provides immunity to the State for a failure to install traffic control devices such as flashing lights and crossing gate arms. Iowa Code section 668.10(1) states in pertinent part:

> In any action brought pursuant to this chapter, the state or municipality shall not be assigned a percentage of fault for any of the following:
>
> 1. The failure to place, erect or install a stop sign, traffic control device, or other regulatory sign as defined in the uniform manual for traffic control devices.

Because the State did not have jurisdiction and control over Willow Road, it was not responsible for the railroad grade crossing located on the street. *Symmonds v. Chicago, Milwaukee, St. Paul & Penn. R.R.*, 242 N.W.2d 262, 265 (Iowa 1976). Even if the State has responsibility, Iowa Code section 668.10(1) provides immunity for a failure to erect a traffic control device.

The appellant has failed to show a genuine issue of material fact exists. The law has been correctly applied. The district court was correct in sustaining the motion for summary judgment.

AFFIRMED.