**JIM WHITE AGENCY, INC., Appellant,**

v.

**James Jolly CLARK, et al., Appellees.**

**No. 91–590.**

Court of Appeals of Iowa.

June 25, 1992.

Harvey L. Harrison, Des Moines, for appellant.

Doyle D. Sanders of Beving, Swanson & Forrest, P.C.; and Brett Anderson, Des Moines, for appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

In April 1982 the Jim White Agency obtained a judgment against James Jolly Clark for $5,978 plus interest. At the time, Clark was the sole owner of real property at 3201 Forest Avenue in Des Moines, Iowa.

In August 1983 Clark entered into a real estate installment contract agreeing to sell the property to two couples, Les and Jane Corieri and E. Bud and Retha Corieri. Corieris agreed to pay $250,000 for the property. The contract was made subject to the judgment in favor of Jim White.

In September 1987 Jim White issued an execution against the property on Forest Avenue. On November 13, 1987, a sheriff's sale was held. Jim White bid $5,000. At the time, Clark's outstanding debt to Jim White was over $10,000. A sheriff's certificate of purchase was issued to Jim White. Clark redeemed the property in November 1988.

In July 1988 Jim White issued an execution against Clark personally. An order condemning funds was also entered, and Jim White received about $900 from a third party who was holding money for Clark.

On November 17, 1988, Jim White again issued an order to execute on Clark's interest in the property on Forest Avenue. On February 10, 1989, a sheriff's sale was held. Jim White bid $2,500. At this time, Clark's debt to Jim White was about $5,788. Clark did not redeem the property, and Jim White received a sheriff's deed in March 1990.

Meanwhile, in November 1989 the real estate contract with Corieris was foreclosed. The property was sold at a sheriff's sale to Clark for $290,535. Clark received a sheriff's deed in January 1990.

In October 1990 Jim White filed this petition to quiet title in the disputed property. Clark answered and filed a counterclaim seeking to quiet title in his favor.

Clark then filed a motion for summary judgment. The district court granted the motion and entered judgment quieting title to Clark. The court determined Jim White was without authority to pursue a second execution sale on Clark's interest in the property pursuant to Iowa Code section 628.3. That section provides:

Any real property redeemed by the debtor shall thereafter be free and clear from any liability for any unpaid portion of the judgment under which said real property was sold.

Jim White has filed this appeal.

In reviewing the grant or denial of a summary judgment motion, we view the underlying facts contained in the pleadings and inferences to be drawn therefrom in the light most favorable to the party opposing the motion, and give to such a party the benefit of any doubt as to the propriety of granting summary judgment. *Harrington v. Chicago & Northwestern Transp. Co.*, 452 N.W.2d 614, 615 (Iowa App.1989). Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. *Id.*

The parties in this case stipulated to the facts as set out above, which means our only task is to determine whether the district court correctly applied the law.

Jim White contends because Clark sold the property pursuant to an installment contract, the execution was not made on the real property, but was on Clark's rights

**28**

in the contract. Section 628.3 only applies to executions upon real estate.

 Under section 624.23 a district court judgment creates a lien against the real estate owned by the defendant. *Slack v. Mullenix*, 245 Iowa 1180, 1183, 66 N.W.2d 99, 101 (1954). Thus, Jim White had a lien upon the real estate owned by Clark. No lien is created on personal property, however, until the procedural steps required under Iowa Rule of Civil Procedure 260 have been taken. *Arbie Mineral Feed Co., Inc. v. Farm Bureau Mut. Ins. Co.*, 462 N.W.2d 677, 680 (Iowa 1990). The parties stipulated there was no compliance with rule 260 in either of the sheriff's sales. Furthermore, Jim White ordered the sheriff to levy on real property.

We conclude the sheriff in fact levied upon the real estate on Forest Avenue. Therefore, after Clark redeemed the property, section 628.3 applied. Clark was then free and clear of any liability for the unpaid portion of the judgment under which the real property was sold. After Clark redeemed Jim White no longer had a lien on the property and so could not levy on it.

Jim White also contends Clark is precluded from challenging the second sheriff's sale and deed because he did not act to set aside the deed until after the statutory redemption period had passed. When a debtor knows (or reasonably should have known) of an irregularity prior to a sheriff's sale and fails to assert that irregularity until after the redemption period has passed and title is transferred under a sheriff's deed, he or she is effectively estopped to assert this irregularity, absent proof of collusion or fraud. *South Ottumwa Sav. Bank v. Sedore*, 394 N.W.2d 349, 352 (Iowa 1986).

Even assuming Clark knew of the second sheriff's sale, we conclude the reasoning of *South Ottumwa Sav. Bank v. Sedore* does not apply here. The question in this case is not whether there were procedural irregularities with the second sheriff's sale, but whether Jim White had a valid lien on the real estate which would enable it to instigate a sheriff's sale.

Because we have found Jim White did not have a valid lien on the real estate at Forest Avenue at the time of the second sheriff's sale, we hold Clark was able to challenge the sale and sheriff's deed after the statutory redemption period had passed.

We affirm the district court's grant of summary judgment. Costs of this appeal are assessed to Jim White.

AFFIRMED.

HABHAB, J., concurs.

SACKETT, J., specially concurs.

SACKETT, Judge (specially concurring).

I concur with the result reached by the majority because my review of the record convinces me the second sheriff's sale was conducted without notifying Clark.